UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ICE HOUSE PUB, INC.,

    Plaintiff,

v.                                         Case No: 2:21-cv-264-SPC-NPM

WESTCHESTER SURPLUS
LINES INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER[1]

Before the Court is Defendant Westchester Surplus Lines Insurance Company's Motion for Judgment on the Pleadings (Doc. 15). Plaintiff Ice House Pub, Inc. responded in opposition (Doc. 22), to which Westchester replied (Doc. 25). The Motion is granted.

## BACKGROUND

This is a COVID-19 insurance case. Ice House runs a pub, which Westchester insured under a commercial property policy ("Policy"). The Policy provides three relevant types of coverage: (1) building and personal property;

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

(2) business income; and (3) extra expense.[2] When the COVID-19 pandemic broke out, Ice House's business suffered. State and local safeguards (like capacity limits and closures) kept customers and employees out of the pub—making Ice House suspend operations.

Ice House sought Policy coverage for the business losses. When Westchester denied coverage, Ice House sued. Now, Westchester moves for judgment on the pleadings.

## LEGAL STANDARD

Sitting in diversity, the Court applies Florida substantive and federal procedural law. *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). After the pleadings close, a party may move for judgment. Fed. R. Civ. P. 12(c). This relief "is appropriate when no material facts are in dispute and the movant is entitled to judgment as a matter of law." *Washington v. Rivera*, 939 F.3d 1239, 1242 (11th Cir. 2019). To decide these motions, courts "accept as true all material facts alleged in the non-moving party's pleadings" and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). If a disputed material fact exists, judgment on the pleadings is misplaced. *Id.*

---

[2] The policy also provides civil authority coverage. Because Ice House concedes there is not coverage under that provision, the Court need not address it. (Doc. 22 at 6, 16-17).

Courts may assess documents not attached to the pleadings if they are central to plaintiff's claim and undisputedly authentic. *Id.* at 1340 n.12. The Policy (attached to the Motion) is both central to the claim and undisputed. (Doc. 15-1). So the Court considers it.

## DISCUSSION

Pointing to Policy language, Westchester contends COVID-19 was not a covered loss. Each coverage provision demands "direct physical loss of or damage to Covered Property." (Doc. 15-1 at 32, 48, 62). So as the argument goes, without some physical loss or damage, there isn't coverage. At bottom, Ice House counters physical damage is no *sine qua non* for coverage. It says the Policy's plain language contemplates coverage for losing business even without physical loss of property. Or the words are at least ambiguous.

An insurance policy is a contract. *Hegel v. First Liberty Ins.*, 778 F.3d 1214, 1219 (11th Cir. 2015). Like other contracts, Florida courts construe policies "according to their plain meaning." *Taurus Holdings, Inc. v. U.S. Fid. and Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005). When "a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Garcia v. Fed. Ins.*, 969 So. 2d 288, 291 (Fla. 2007) (citation omitted). Courts aren't free to "rewrite contracts, add meaning that is not present, or otherwise reach results contrary

to the intentions of the parties." *Intervest Constr. of Jax, Inc. v. Gen. Fid. Ins.*, 133 So. 3d 494, 497 (Fla. 2014) (citation omitted).

Earlier in the pandemic, Ice House's claims were novel. By now, however, many courts across the country tested this theory. To be sure, Ice House points to a few opinions from faraway places that might support its position. Yet Ice House does not address the legion of cases from this District rejecting its exact coverage thesis. *E.g.*, *MCML Holding Co. v. Colony Ins.*, No. 8:20-cv-2016-MSS-CPT, 2021 WL 2766870 (M.D. Fla. May 12, 2021) ("Therefore, to recover losses caused by 'direct physical loss of' of the insured's property, the insured must allege actual physical damage to the premises itself."); *R.T.G. Furniture Corp. v. Hallmark Specialty Ins.*, No. 8:20-cv-2323-T-30AEP, 2021 WL 686864, at *3 (M.D. Fla. Jan. 22, 2021) ("The Court concludes that, even assuming coronavirus was physically present on [insured's] property, it is not tantamount to a 'direct physical loss of or damage to property.'").[3] That doesn't even consider Northern and Southern District cases, which could span another page. *E.g.*, *Raymond H Nahmad DDS PA v. Hartford Cas. Ins.*, 499 F. Supp. 3d 1178 (S.D. Fla. 2020); *Webb Dental Assocs.*

---

[3] *Pane Rustica, Inc. v. Greenwich Ins.*, No. 8:20-cv-1783-KKM-AAS, 2021 WL 1087219 (M.D. Fla. Mar. 22, 2021); *Rococo Steak, LLC v. Aspen Specialty Ins.*, No. 8:20-cv-2481-VMC-SPF, 2021 WL 268478 (M.D. Fla. Jan. 27, 2021); *Edison Kennedy, LLC v. Scottsdale Ins.*, No. 8:20-cv-1416-T-02SPF, 2021 WL 22314 (M.D. Fla. Jan. 4, 2021); *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London Known as Syndicate PEM 4000*, 489 F. Supp. 3d 1303 (M.D. Fla. 2020); *Prime Time Sports Grill, Inc. v. DTW 1991 Underwriting Ltd.*, 508 F. Supp. 3d 1170 (M.D. Fla. 2020).

*DMD PA v. Cincinnati Indem.*, No. 1:20-cv-250-AW-GRJ, 2021 WL 800113 (N.D. Fla. Jan. 15, 2021). To date, this issue mustered universal agreement across Florida's entire federal bench. And each case says Ice House loses.

While Ice House ignored all that precedent, it did cite one Florida case. *Urogynecology Specialist of Fla. LLC v. Sentinel Ins.*, 489 F. Supp. 3d 1297 (M.D. Fla. 2020). Yet the decision is easily set aside. There, Judge Conway denied a motion to dismiss in a COVID-19 insurance case. The issue, however, was whether a virus policy exclusion applied—not whether COVID-19 caused a direct physical loss or damage. What's more, the parties did not provide all relevant policy forms, so the court could not resolve ambiguities in that exclusion. In other words, *Sentinel* provides no help for Ice House.

While it seems no Florida appellate courts addressed this issue yet, state trial courts echo their federal counterparts. A few months ago, Judge Shenko (who sits just across the street) held: "Airborne particles and the mere presence of a virus in the community do not constitute direct physical loss to the property." *Catlin Dental, P.A. v. Cincinnati Indem.*, No. 20-CA-004555, 2020 WL 8173333, at *5 (Fla. Cir. Ct. Dec. 11, 2020).

Given the breadth of well-reasoned opinions, the Court need not reinvent the wheel. Rather, it is enough to conclude—as all those cases have—neither COVID-19 nor corresponding governmental health precautions caused a "direct physical loss of or damage to" Ice House's property. (Doc. 15-1 at 32,

5

48, 62). So there was no covered loss under the Policy's plain language. And Ice House's hunt for ambiguity leaves it tilting at windmills.[4]

The Court is sympathetic to all those who lost business during the pandemic, including Ice House. But sympathies do not govern contract interpretation. And on this issue, Ice House provides no reason for the Court to break from its harmonious chorus of colleagues.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Judgment on the Pleadings (Doc. 15) is **GRANTED**.

2. This action is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 26, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[4] Given this ruling, there is no need to address the Policy exclusions. *Royal Palm Optical, Inc. v. State Farm Mut. Auto. Ins.*, No. 20-80749-CIV-CANNON/Brannon, 2021 WL 1220750, at *2, 6 n.8 (S.D. Fla. Mar. 30, 2021).